# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN MOLIERI,<br><br>        *Plaintiff,*<br><br>    v.<br><br>CHARLES SCHWAB & CO.,<br><br>        *Defendant.* | CIVIL ACTION<br>NO. 25-2253 |

## ORDER

**AND NOW**, this 13th day of June 2025, upon consideration of Molieri's Motion to Proceed Under a Pseudonym, (ECF No. 9), Motion for Protective Order, (ECF No. 9), and Motion to File Documents Under Seal, (ECF No. 11), it is hereby **ORDERED** as follows:

1. Molieri's Motion to Proceed Under a Pseudonym is **DENIED**;[1]

---

[1]   Federal Rule of Civil Procedure 10(a) states "the title of the complaint must name all the parties." "Courts have explained that [Rule 10(a)] illustrates the principle that judicial proceedings, civil as well as criminal, are to be conducted in public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quotation omitted). "A plaintiff's use of a pseudonym runs afoul of the public's common law right of access to judicial proceedings." *Id.* (quotation omitted). Thus, a plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id.* (quotation omitted). Once the risk of severe harm has been established, courts "balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." *Id.* at 409.

   Courts only allow pseudonyms in "exceptional cases," such as those involving "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Id.* at 408 (citing *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)). The risk of "embarrassment or economic harm is not enough" to constitute severe harm. *Id.*

   Molieri is a "licensed professional employed by a global financial institution" and contends that his allegation that he was fraudulently induced into sending a $160,000 wire transfer to a foreign bank might harm his professional reputation. (Mot. for Pseudonym at 2, ECF No. 9.) He cites the following harms that might result from litigating this case openly: (1) "professional investigation," (2) "public embarrassment," (3) "job loss," (4) "threatening of public licensure," (5) "erosion of industry and client trust," (6) "invitation of scrutiny and retaliation," (7) harm to his marital relationship, and (8) "community and social stigma." (*Id.* at 2–3.) These harms generally fall into the categories of "embarrassment or economic harm" that are not sufficiently severe to justify abrogating the presumption of public judicial proceedings. Molieri's fear of potential job loss is the most severe of his alleged harms, but he has not explained why his fear is reasonable. In any event, injury to his employment prospects is not as severe as the harms in which a pseudonym is

2. Molieri's Motion for Protective Order is **DENIED**;[2]

3. Molieri's Motion to File Documents Under Seal is **DENIED**;[3]

4. The Court construes Molieri's filing of a Third Amended Complaint, (ECF No. 13), as a Motion for Leave to File a Third Amended Complaint, and that Motion is **GRANTED**.[4]  The Third Amended Complaint is deemed filed as of today; and

5. The Clerk of Court shall **UNSEAL** the Third Amended Complaint. (ECF No. 13.)

---

typically permitted.  *See Megless*, 654 F.3d at 408; *see also Doe v. Princeton*, No. 22-3471, 2019 WL 5587327, at *4 (D.N.J. Oct. 30, 2019) (noting that "stigmatization . . . related to . . . employment prospects does not rise to the requisite level favoring anonymity"); *Qualls v. Rumsfeld*, 228 F.R.D. 8, 12 (D.D.C. 2005) ("[F]ears of embarrassment or vague, unsubstantiated fears of retaliatory actions by higher-ups do not permit a plaintiff to proceed under a pseudonym.").

[2]     Molieri moves for a protective order to "[p]ermit redaction of personal identifying information in public filings," "[p]ermit the unredacted Complaint and related documents to be filed under seal," and "[b]ar parties and counsel from publicly disclosing Plaintiff's identity." (Mot. for Prot. Order, ECF No. 9.)  Federal Rule of Civil Procedure 26(c) permits "a party . . . from whom discovery is sought" to move for a protective order to "protect [the] party . . . from annoyance, embarrassment, oppression, or undue burden or expense."  The moving party bears the burden of showing "good cause by demonstrating a particular need for protection." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.*

Molieri's motion fails for several reasons.  First, he is not yet a "party from whom discovery is sought." Fed. R. Civ. P. 26(c).  Second, he failed to include a required "certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id.*  Third, his allegations of harm are unsubstantiated by specific examples or articulated reasoning. *Cipollone*, 785 F.2d at 1121.

[3]     Molieri moves to file under seal, (Mot. to Seal, ECF No. 11), the declaration, (ECF No. 12), accompanying his Motion to Proceed Under a Pseudonym, (ECF No. 9).  He claims this declaration includes "personally identifying information" and "specific details regarding [his] financial and emotional devastation." (*Id.*)  But his declaration does not include any personally identifying information and includes no specifics about his case not already contained in his Motion to Proceed Under a Pseudonym.

[4]     "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) ("[Courts] tend to be flexible when applying procedural rules to *pro se* litigants, especially when interpreting their pleadings.").

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.